UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEITH COLE, | ) |
| Plaintiff, | ) ) ) No. 05 C 0067 |
| v. | ) ) Judge John W. Darrah |
| NOONAN & LIEBERMAN, LTD;<br>JONATHON NUSGART;<br>CODILIS & ASSOCIATES, P.C.; and<br>MARTIN POTTER, | ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Keith Cole, filed suit, *pro se*, against Defendants, Noonan & Lieberman, Ltd., Jonathon Nusgart (collectively "Noonan & Lieberman"), and Codilis & Associates, P.C. and Martin Potter (collectively "Codilis"), alleging violations of Fair Debt Collection Practices Act ("FDCPA"), violations of 18 U.S.C. §§ 1983, 1985, fraud, and mail fraud.[1] Presently pending before the Court are Defendants' Motions to Dismiss.

### BACKGROUND

A reading of Cole's Amended Complaint, including attached documents and documents of which the Court takes judicial notice, supports the following summary of the alleged conduct of the parties.

In a letter dated, December 16, 2003, Cole requested information regarding an alleged debt to Ocwen Federal Bank. The letter requested, in part, the "legal Name and Address of individual

---

[1] Plaintiff states in the introductory paragraph that he also filed suit pursuant to the Illinois Unlawful Debt Collection Act; however, other than the citation in the introductory paragraph, Plaintiff does not state any claims brought pursuant to this act or any conduct that violates this act.

trustee/collector (assignee)," of an alleged debt, to which Ocwen never answered. The returned signed receipt indicates that Ocwen received Cole's letter on December 19, 2003.

On January 6, 2004, Cole received a correspondence, dated December 31, 2003, from the office of Codilis & Associates. The correspondence stated that the sum due on an unverified alleged debt was $287,952.09. The name of the creditor to whom the debt was owed was identified as "Ocwen Federal Bank, FSB."

On January 12, 2004, another entity, unknown to Cole, "U.S. Bank, N.A., as Trustee for the Benefit of owners of the Registered Holders of Home Equity Asset Trust 2003-4, Home Equity Pas-Through Certificates, Series 2003-4" ("U.S. Bank"), erroneously claimed to be Cole's creditor by filing "a sham" complaint for foreclosure on "the subject property." The alleged debt owed to U.S. Bank was apparently the same debt that Codilis stated was owed to Ocwen.

The U.S. Bank foreclosure complaint was filed on January 12, 2004. The alleged debt in the U.S. Bank foreclosure complaint is $287,594.70. This amount differs from the amount stated in the Codilis December 31, 2003 correspondence of $287,952.09.

On January 26, 2004, Cole mailed a letter demanding verification in the form of legal acceptance, *i.e.*, a signed affidavit and/or sworn statement by one authorized to provide such proof, regarding the alleged debt that Codilis stated was owed to Ocwen. On February 18, 2004, Cole received a correspondence from Codilis that included a set of poorly photocopied documents that were allegedly sufficient proof of the alleged debt. None of the documents provided were verified or certified. On February 19, 2004, Cole returned the documents he had received to Codilis and

asked, again, for "lawful" verification that the alleged debt was owed to Ocwen or U.S. Bank. Cole also requested certified copies of the original promissory note and mortgage, to which Codilis never responded.

On March 18, 2004, Cole received a communication entitled "Appearance" from Noonan & Lieberman, Ltd. The document was signed by Jonathon D. Nusgart. The "Appearance" was filed in the state court mortgage foreclosure action filed by U.S. Bank against Cole. This was the first communication received by Noonan & Lieberman. The communication did not inform Cole that Noonan & Lieberman is a debt collector. The communication did not inform Cole that he had thirty days to dispute the alleged debt. Cole also never received any correspondence from Noonan & Lieberman indicating that the alleged debt would be assumed valid unless disputed within thirty days, nor that the debt collector could obtain and send a copy of verification of the alleged debt if it was disputed. Nor did Noonan & Lieberman provide Cole an opportunity to request the name of the original creditor.

On April 6, 2004, Nusgart filed a "Petition to Intervene and Adopt Defendant's Motion" in Cole's state court quiet title case, 03CH21107. The pleading was filed on behalf of U.S. Bank. Within the pleading, Nusgart averred that U.S. Bank "is a holder in due course and without notice of Plaintiff's allegations at the time it took the note and mortgage." On April 9, 2004, Cole received another communication from Noonan & Lieberman, titled "Appearance." Noonan & Lieberman did not identify itself as a debt collector.

On May 10, 2004, Noonan & Lieberman and counsel from Codilis presented supporting evidence in the state court quiet title case to support U.S. Bank's averment that it was a holder in due course and the alleged debt. The evidence included a photocopy of a "Corporation Assignment of

3

Real Estate Mortgage," a recorded encumbrance on the title of Cole's property at the Office of the Cook County of Deeds on March 12, 2004, at 10:54 a.m. This assignment document purported to evidence a transfer of interest alleged to have belonged to First NLC Financial Services to U.S. Bank. Cole alleges the document was fraudulent and that the notary's commission who signed the document was expired when she signed the document. On May 15, 2004, Cole received a copy of the alleged fraudulent document from Noonan & Lieberman. On December 8, 2004, Cole's quiet title action was dismissed by the state court with prejudice.

## ANALYSIS

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any inferences reasonably drawn therefrom in the light most favorable to the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). A plaintiff is not required to plead the facts or the elements of a claim, with the exception found in Federal Rule of Civil Procedure 9. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002) (*Swierkiewicz*); *Walker v. Thompson*, 288 F.3d 761, 764 (7 th Cir. 2002). A filing under Federal Rules of Civil Procedure need not contain all the facts that will be necessary to prevail. It should be "short and plain," and it suffices if it notifies the defendant of the principal events. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claims that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The "suit should not be dismissed if it is possible to hypothesize the facts,

4

consistent with the complaint that would make out a claim." *Graehling v. Village of Lombard, Ill*, 58 F.3d 295, 297 (7th Cir. 1995). The simplified notice pleading relies upon liberal discovery and summary of motions to define disputed issues and facts and to dispose of unmeritorious claims. *See Swierkiewicz*, 534 U.S. at 513.

Cole alleges several claims within the Amended Complaint. The claims are not separated into individual counts. Defendants make several arguments for dismissal, some of which are shared by all Defendants and some of which are made by ceratin Defendants against certain claims. In light of the multiple claims and multiple arguments for dismissal, the general arguments for dismissal will be addressed; then the remaining arguments will be addressed.

## Statute of Limitations

Defendants argue that Cole's FDCPA claims based on the December 31, 2004 letter are barred by the applicable one-year statute of limitations for FDCPA claims. *See* 15 U.S.C. § 1692k(d) (action must be brought "within one year from the date the violation occurred").

At an early stage of litigation where the defendant seeks dismissal based on a statute of limitations defense, "the question is only whether there is *any* set of facts that if proven would establish a defense to the statute of limitations. *Clark v. City of Braidwood*, 318 F.3d 764, 768 (7th Cir. 2003) (*Clark*); *see also Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1030 (7th Cir. 2004) (*Reiser*) ("because the period of limitations is an affirmative defense, it is rarely a good reason to dismiss under Rule 12(b)(6)").

Generally, the statute of limitations for claims pursuant to Section 1692 is triggered when the debt collector mails a letter alleged to violate the FDCPA. *See Mattson v. U.S. West Communications, Inc.*, 967 F.2d 259, 261 (8th Cir. 1992); *Panko v. Pellettieri & Assoc., P.C.*, 2004

5

WL 2191574 (N.D. Ill. Sept. 27, 2004) (*Panko*); *Garrett v. Empire Cooler Serv., Inc.*, 2004 WL 2011399 (N.D. Ill. June 21, 2004). However, because Section 1692g provides an additional five days within the initial communication to comply, the statute of limitations for Section 1692g is triggered five days after the letter is mailed. *See Panko*, 2004 WL 2191574 at * 2.

Cole alleged that he received a letter dated December 31, 2004, *on or about* January 6, 2004. Cole does not allege what day the December 31, 2004 letter was mailed to trigger the applicable statute of limitations. At this stage of litigation, it cannot be determined if Cole's initial Complaint, filed on January 6, 2005, was within the applicable statute of limitations.

*Noonan & Lieberman Not Collecting a Debt*

Noonan & Lieberman argue that the correspondence sent to Cole were not undertaken to collect a debt; therefore, the FDCPA claims against them fail.

The FDCPA applies only to debt collectors when their conduct is undertaken "in connection with the collection of any debt." 15 U.S.C. § 1692e; *Neff v. Capital Acquisitions & Mgt. Co.*, 352 F.3d 1118, 1121 (7th Cir 2003).

The March 18, 2004 and April 9, 2004 correspondence Cole received from Noonan & Lieberman were Nusgart's Notice of Filing the Appearance as an attorney of record for U.S. Bank, the plaintiff in the state foreclosure action and a defendant in Cole' state court quiet title case. The correspondence were sent to Cole, who was proceeding *pro se* in both cases, as required by Illinois state law. The filings were not undertaken to collect a debt.

The April 6, 2004 correspondence Cole received from Noonan & Lieberman was a petition to Intervene and Adopt Defendant's Motion in Cole's state court quiet title case. The correspondence (court filing) was sent to Cole, who was proceeding *pro se* in that action, as required

6

by Illinois state law. The filing was made in conjunction with defending Noonan & Lieberman's client's, U.S. Bank's, rights; the filing was not undertaken to collect a debt.

Based on the above, the Amended Complaint does not state a claim that Noonan & Lieberman were undertaking debt collection when they sent the above correspondences (legal filings) to Cole. Accordingly, the FDCPA does not apply to these correspondence; and the FDCPA claims against Noonan & Lieberman, including Nusgart, are dismissed.

*FDCPA Claims – Individual Defendants*

The FDCPA "does not contemplate personal liability for shareholders or employees who act on behalf of those companies." *Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1059 (7th Cir. 2000)(*Pettit*). Cole alleges that the individual Defendants were employees of Codilis and Noonan & Lieberman. Therefore, the Amended Complaint does not state a claim for personal liability against these Defendants; and the FDCPA claims against the individual Defendants are dismissed. *See Pettit*, 211 F.3d at 1059.

*Violations of Section 1692e*

Cole alleges that Codilis violated Section 1692e by sending the December 31, 2003 letter that indicated a debt was owed to Ocwen when Ocwen "had no standing to bring a claim."

Section 1692e provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Such conduct includes: a false representation of "the character, amount, or legal status of any debt;" the use or distribution of a document that falsely represents approval by a court, agency,

7

or official of the United States or any State; the use of false representation or deceptive means to collect a debt; and threatening (and then taking legal action) legal action when that action could not legally be taken. 15 U.S.C. § 1692e *et al.*

Cole's allegation that the December 31, 2003 letter includes false, deceptive, or misleading representation as to the legal status of the debt – the person to whom the debt was owed. Cole also alleges that Codilis's conduct was deceptive and misleading throughout the attempt to collect the debt. Accordingly, it sufficiently states claims in violation of Section 1692e.

*Violation of Section 1692f*

Cole alleges that Codilis violated Section 1692f by attempting to collect a debt for Ocwen and/or U.S. Bank when those entities had no ownership interest in the alleged debts.

Section 1692f provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect a debt unless the debt is expressly authorized by an agreement creating such debt or permitted by law. 15 U.S.C. § 1692f(1).

Cole's allegations sufficiently plead that Codilis used unfair or unconscionable means to collect a debt that was not expressly authorized by the agreement or permitted by law.

*Violations of Section 1692g*

Cole alleges that Codilis violated Section 1692g because the amount indicated as owing was incorrect because Cole did not owe any money to U.S. Bank or Ocwen.

Section 1692g requires debt collectors to provide debtors with written validation notice, informing the debtors of their rights under Section 1692g. The written notice must include: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) the right to dispute the validity of the debt within thirty days; (4) a statement that if the consumer notifies the debt

collector in writing within thirty days that the debt is disputed, the debt collector will obtain verification of the debt; and (5) a statement that, upon the consumer's written request within thirty days, the debt collector will provide the consumer with the name and address of the original creditor, if different than the current creditor. 15 U.S.C. § 1692g(a). The "amount of debt" furnished by the debt collector must be accurate and not be obscured by the addition of confusing information or misinformation. *See Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 876 (7th Cir. 2000). If the consumer requests information, the debt collector must cease collection of the disputed debt until verification is received and sent to the debtor. 15 U.S.C. § 1692g(b).

Cole sufficiently pleads that the "amount of debt" was incorrect and that Codilis failed to properly respond to his requests for information about the debt.

*Violations of Sections 1983 and 1985*

Cole alleges that the Defendants denied Cole's due process and equal protection rights "in their unlawful debt collection activity in concert with government agencies (state courts)." Defendants argue that Cole's civil rights claims are barred by the *Rooker-Feldman* doctrine.

The *Rooker-Feldman* doctrine is derived from two Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) (*Rooker*), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) (*Feldman*). The doctrine provides that lower federal courts lack subject matter jurisdiction to review state court civil decisions. *See Edwards v. Illinois Bd. of Admissions to the Bar*, 261 F.3d 723, 728 (7th Cir. 2001) (*Edwards*). The doctrine applies to claims that were actually raised before the state court and claims that are inextricably intertwined with the state court determination. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999) (*Long*).

In assessing the applicability of the *Rooker-Feldman* doctrine, "the fundamental and appropriate question to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment." *Long*, 182 F.3d at 555, quoting *Centres, Inc. v. Town of Brookfield*, 148 F.3d 699, 701-02 (7th Cir. 1998) (*Centres*). If the alleged injury of the federal plaintiff "is distinct from the state court judgment and not inextricably intertwined with it, the *Rooker-Feldman* doctrine does not apply." *Centres*, 148 F.3d at 702. To determine whether the alleged injury is inextricably intertwined, the court focuses on whether the federal court is being called upon to review the state court decision. *Edwards*, 261 F.3d at 729.

The allegations in Cole's present case include many of the same allegations in his quiet title case that was adjudicated in state court. These allegations include: (1) Cole's December 16, 2003 correspondence to Ocwen; (2) the receipt of the January 6, 2004 correspondence from Codilis; (3) the receipt of the "useless" documents; (4) the receipt of the Corporation Assignment of Real Estate Mortgage; (5) that the Assignment was fraudulently back-dated and recorded; (6) that U.S. Bank filed a putative foreclosure action; and (6) that the improper verification by the parties was "likely fraud on the court." Cole's quiet title action also included a claim for violation of Illinois due process for U.S. Bank's alleged failure to produce competent evidence of the alleged debt, improper verification of the debt, and the "likely fraud on the court."

The state court adjudicated Cole's argument that U.S. Bank was not the owner of the mortgage on Cole's property. In that state court proceeding, Cole alleged that he had not received proper documentation of the debt, that the Assignment was fraudulent, and that the parties were engaging in a fraud on the court. Cole's allegations were rejected by the state court. Any review of Cole's present civil rights claims based on this same alleged conduct would require this Court to

review the state court decision, and his present claims are inextricably intertwined with that state court determination. Accordingly, this Court lacks subject matter jurisdiction over these claims.

*Section 1983 - State Action*

Alternatively, Defendants argue that Cole's Section 1983 claims should be dismissed because the Defendants are not state actors.

A Section 1983 cause of action requires a plaintiff to plead that he was deprived of a right secured by the Constitution or a federal law at the hands of someone acting under color of law. *See Case v. Milewski*, 327 F.3d 564, 566 (7th Cir. 2003) (*Case*). The requirement that someone act "under color of law," also referred to as "state action," "preserves an area of individual freedom by limiting the reach of federal law and federal judicial power." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982) (*Lugar*). A defendant may be found to act under color of state law if (1) the state cloaked the defendant in some degree of authority or (2) the defendant has conspired or acted in concert with state officials to deprive the plaintiff of his civil rights. *See Case*, 327 F.3d at 567.

Here, Cole alleges that the Defendants acted "in concert" with government agencies (the state courts) by engaging the participation of the Cook County Clerk of Courts and the Cook County Judiciary; in other words, by filing the foreclosure action and intervening in the quiet title action. There are no allegations or reasonable inferences that any state official conspired with or acted in concert with the private Defendants to deprive Cole of his civil rights. Merely filing a foreclosure action or seeking to defend rights in a court proceeding does not constitute acting in concert with a state official. *See Winterland Concessions Co. v. Trela*, 735 F.2d 257, 262 (7th Cir. 1984); *Thomason v. Norman E. Lehrer, P.C.*, 182 F.R.D. 121, 128 (D.N.J. 1998). Cole has failed to sufficiently plead a Section 1983 claim.

*Section 1985 Claim*

As to Cole's Section 1985 claim, a Section 1985(3) claim requires the plaintiff to plead "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971) (*Griffin*). The class-based invidiously discriminatory animus requirement is narrowly construed to prevent Section 1985 from being converted into a "general federal tort law." *Griffin*, 403 U.S. at 102. Purported classes include those based on race, ethnic origin, sex, religion, and political loyalty. *See Rodgers v. Lincoln Towing Serv., Inc.*, 771 F.2d 194, 203 (7th Cir. 1985).

Here, Cole has not alleged any racial or otherwise class-based invidiously discriminatory animus behind the Defendants' actions. Accordingly, Cole has failed to sufficiently plead a Section 1985(3) action.

*Fraud and Mail Fraud Claims*

Cole alleges that the Defendants engaged in fraud and mail fraud in their attempt to collect the debt through their pleadings filed in the state court proceedings and the fraudulent Assignment. The alleged fraud included false statements that Ocwen and U.S. Bank had a lawful claim against Cole when the Defendants knew or should have known that U.S. Bank was not a holder in due course.

As discussed above, in that state court proceeding, Cole alleged that he neither had nor received proper documentation of the debt, that the Assignment was fraudulent, and that the parties were engaging in a fraud on the court. Cole's allegations were rejected by the state court. Any review of Cole's present fraud and mail fraud claims based on this same alleged conduct would require this Court to review the state court decision and are inextricably intertwined with the state

court determination. Accordingly, pursuant to the *Rooker-Feldman* doctrine, this Court lacks subject matter jurisdiction over these claims.

## CONCLUSION

For the foregoing reasons, Defendants', Noonan & Lieberman and Nusgart's, Motion to Dismiss is granted. Defendants', Codilis and Potter's, Motion to Dismiss is granted in part and denied in part. The claims against Potter are dismissed. Cole's civil rights, fraud and mail fraud claims against Codilis are dismissed. All claims dismissed for failure to state a claim are dismissed without prejudice to refile, consistent with Federal Rule of Civil Procedure 11, within fourteen days of this order.

Dated: October 26, 2005

JOHN W. DARRAH
United States District Judge